OSCN Found Document:STATE OF OKLAHOMA ex rel. OBA v. BROWN

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE OF OKLAHOMA ex rel. OBA v. BROWN
2025 OK 52
Case Number: 7889
Decided: 09/08/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 52, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel.OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JESSICA LYN BROWN, Respondent.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 Complainant State of Oklahoma ex rel. Oklahoma Bar Association has presented this Court with an application to approve the resignation of Respondent Jessica Lyn Brown, OBA No. 33725, from membership in the Oklahoma Bar Association. Respondent requests that she be allowed to relinquish her license to practice law and to resign her bar membership pending disciplinary proceedings, as detailed in her affidavit prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A. As provided in Rule 8.2, RGDP, the Court "may enter an order approving the resignation pending disciplinary proceedings" upon the filing of Respondent's affidavit in this Court.

¶2 On April 9, 2025, the OBA filed a verified complaint requesting the imposition of discipline against the Respondent pursuant to Rule 6, RGDP. The complaint raised two separate counts of professional misconduct and violations of Rules 1.3, 1.4, 1.5, 8.1, 8.4(a) and (c) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, and Rules 1.3 and 5.2 of the RGDP.

¶3 Complainant's application and Respondent's affidavit in support of resignation reflect the following:

(1) Respondent was admitted to membership in the Oklahoma Bar Association on April 16, 2019. Respondent's address appears on the official Bar roster as: 1701 Garth Brooks Blvd., #1040, Yukon, OK 73099.

(2) On July 7, 2025, Respondent executed her written affidavit of resignation from membership in the Oklahoma Bar Association. Complainant transmitted the affidavit of resignation and filed an application for the Court's order approving Respondent's resignation on July 7, 2025.

(3) Respondent's resignation is freely and voluntarily tendered without coercion or duress. Respondent is fully aware of the legal consequences of submitting her resignation.

(4) Respondent is aware that a formal complaint has been filed against her pursuant to Rule 6, RGDP, alleging two counts of violations of the Oklahoma Rules of Professional Conduct and Rules Governing Disciplinary Proceedings:

Count I. A grievance brought by client Ileatz "Carmen" Lopez that Respondent failed to properly communicate with her or perform legal services in a child support matter. Respondent failed to respond to the Lopez grievance.

Count II. A grievance brought by attorney Evan Humphreys that while Respondent was under contract with Legal Aid Services of Oklahoma to represent indigent parents and guardians, she neglected several cases and missed appellate deadlines. Humphreys was appointed to represent individuals in five juvenile deprived cases which were abandoned by Respondent. Respondent failed to respond to the Humphreys grievance.

(5) Respondent failed to file an Answer to the Complaint as required by Rule 6.4, RGDP.

(6) Respondent acknowledges that if the allegations are proven, her conduct would constitute violations of Rules 1.3, 1.4, 1.5, 8.1, and 8.4(a) and (c), ORPC, Rules 1.3 and 5.2, RGDP, and the Oath of Attorney.

(7) Respondent is aware the burden of proving these violations rests with the OBA; however, Respondent has waived any and all right to contest the allegations.

(8) Respondent states that she has familiarized herself with Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following approval of her resignation.

(9) Respondent acknowledges that, pursuant to Rule 8.2, RGDP, (a) the decision to approve or disapprove her resignation is in the sole discretion of the Oklahoma Supreme Court; (b) she may only be reinstated to the practice of law after full compliance with the conditions and procedures prescribed by Rule 11, RGDP; and (c) she may not apply for reinstatement of her license to practice law (and of her membership in the Bar) before the expiration of five (5) years from the date of this Order.

(10) Respondent acknowledges that, as a result of her conduct, the Client Security Fund may receive claims from her former clients. Respondent agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund claims, she will reimburse the Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

(11) Respondent affirms that she will surrender her Oklahoma Bar Association membership card to the Office of the General Counsel.

(12) Respondent agrees to cooperate with the Office of the General Counsel in the tasks of identifying (a) any active client cases wherein documents and files need to be returned or forwarded to new counsel and (b) any client case where fees or refunds are owed by her.

(13) Respondent acknowledges that she is responsible for paying any costs incurred in these proceedings, which this Court may order her to pay, prior to seeking reinstatement.

¶4 IT IS THEREFORE ORDERED that the resignation of Jessica Lyn Brown tendered during the pendency of disciplinary proceedings be approved and that her resignation is deemed effective upon the filing of this Order in the Office of the Clerk of the Supreme Court of Oklahoma.

¶5 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and--because an attorney's resignation pending disciplinary proceedings is tantamount to disbarment--she may not apply for reinstatement of her license to practice law (and of her membership in the Bar) before the lapse of five (5) years from the date of this Order.

¶6 IT IS FURTHER ORDERED that Respondent shall comply with all aspects of Rule 9.1, RGDP.

¶7 IT IS FURTHER ORDERED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

¶8 IT IS FURTHER ORDERED that Respondent shall reimburse the OBA for the costs incurred in these proceedings, in the amount of $138.50, within ninety days of the date of this Order.

¶9 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 8th DAY OF SEPTEMBER, 2025.

/s/_____________________________
Chief Justice

ALL JUSTICES CONCUR

 

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105